UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYED NAZIM ALI<br><br>   Plaintiff,<br><br>  v.<br><br>ROBERT HALF INTERNATIONAL, INC,<br><br>   Defendant. | Case No. 19-cv-00509 NC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DISMISSING CASE**<br><br>Re: Dkt. No. 10 |

In this employment discrimination case, defendant Robert Half International moves to dismiss plaintiff Syed Nazim Ali's second amended complaint for failure to state a claim under Rule 12(b)(6). Dkt. No. 31. Ali's Second Amended Complaint brings claims for disability discrimination, failure to accommodate, failure to engage in the interactive process, unlawful retaliation, and violation of business and professional codes. Dkt. No. 32. The claims arise out of a work arrangement where Ali alleges that he was not provided with a permanent work location and instead had to relocate to different rooms multiple times per day; he complained about the situation and was terminated. Dkt. No. 31. Ali's first two complaints in this matter were dismissed with leave to amend. The Court FINDS that the Second Amended Complaint continues to insufficiently state claims and that the deficiencies identified in the Court's prior orders in this case have not been cured. As such, the motion to dismiss is GRANTED and this case is hereby DISMISSED with prejudice.

## I. Background

### A. Procedural History

Mr. Ali filed his original complaint against Robert Half International alleging twelve causes of action stemming out of his twenty-three day employment with the company. Dkt. No. 1. RHI moved to dismiss all twelve claims and this Court granted the motion to dismiss in its entirety, giving Mr. Ali leave to amend the complaint. Dkt. No. 21. Mr. Ali filed his First Amended Complaint with the same causes of action as the original. Dkt. No. 23. Again, RHI moved to dismiss the entire FAC. Dkt. No. 24. Again, the Court granted the motion and granted Mr. Ali leave to amend. Dkt. No. 30.

Mr. Ali filed a Second Amended Complaint. Dkt. No. 31. In the SAC, Mr. Ali brings seven causes of action: (1) disability discrimination in violation of 42 U.S.C. § 12101; (2) failure to accommodate in violation of Cal. Gov. Code § 12940; (3) failure to engage in the interactive process in violation of Cal. Gov. Code § 12940(n); (4) unlawful retaliation under Title VII and FEHA; (5) wrongful termination; (6) violation of business and professional codes; and (7) declaratory relief. Dkt. No. 31. RHI moved to dismiss all the claims under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 32.[1]

All parties consented to the jurisdiction of a magistrate judge. Dkt. Nos. 3, 13.

### B. Facts Alleged in the Second Amended Complaint

Mr. Ali alleges the following facts in the SAC. Dkt. No. 31. In deciding this motion, the Court takes them all as true. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337 (9th Cir. 1996).

Ali has over 20 years of experience working in IT and information security. SAC. ¶ 7,

---

[1] Along with its motion to dismiss, RHI filed a request for judicial notice about 100 pages of exhibits. These included Mr. Ali's EEOC charge referenced in the SAC, the court docket in a case filed by Mr. Ali against PayPal, and materials allegedly related to Mr. Ali's business's internet presence. Dkt. No. 33. In response, the Court ordered RHI to indicate whether it wished its motion to dismiss to be treated as a motion for summary judgment under Federal Rule of Civil Procedure 56 because RHI presented materials outside the pleadings. Dkt. No. 34. RHI responded that it did not wish the Court to do so. Dkt. No. 35. Therefore, the Court does not take notice of Exhibits 2–4, which relate to Mr. Ali's alleged internet presence, in RHI's request for judicial notice in connection with this order on the motion to dismiss.

2

9. He was employed by Robert Half International from February 5 through 28, 2018. *Id.* ¶¶ 21, 39. He was hired as a Cybersecurity Lead for a project at Paypal, Inc. working on cybersecurity compliance. *Id.* He was assigned to lead a team and educate new employees. *Id.* RHI did not provide a permanent work location for Mr. Ali and his team, so they had to move every one or two hours to find a new conference room to work in. *Id.* ¶ 39. As a result, he suffered stress, anxiety, and elevated high blood pressure. *Id.* ¶¶ 56–70. He requested to work remotely to avoid this stress. *Id.* ¶ 71. He made verbal and written requests to both RHI and PayPal to give his team seating assignments. *Id.* ¶ 52, 57. His requests were not accommodated, and Mr. Ali was terminated on February 28, 2018. *Id.* ¶ 58.

## I. Legal Standard

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-movant. *Cahill*, 80 F.3d at 337–38. The Court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## II. Discussion

### A. General Problems with the Second Amended Complaint

In its prior two orders dismissing the first two complaints filed in this case, the

3

1  Court found that the complaints were "internally consistent" and "unclear." Dkt. Nos. 21,
2  30. The Court found that Ali's first amended complaint failed to cure deficiencies that it
3  identified in the original complaint. Dkt. No. 30. In particular, Ali had repeatedly
4  attributed conduct in the FAC to people and entities who were not defendants in this case,
5  sometimes calling them "defendants" anyway. *Id.* at 3. Additionally, Ali had not clarified
6  when he was terminated and by whom, describing two separate terminations but not
7  clarifying which formed the basis of his claims. *Id.* Moreover, Ali "create[d] some
8  confusion" by giving various reasons for his termination throughout the FAC.

These problems remain. He still refers to people and entities as "defendants" even though they are not parties to this case. *See, e.g.*, SAC ¶ 27. He describes two terminations, one by PayPal and one by Protiviti, and gives multiple reasons for these terminations (including those employers' knowledge that he had filed lawsuits against eBay and Gilead Science). SAC ¶ 52, 57, 58, 70.

There are also new problems with the SAC. Now, Ali adds another company—Protiviti, which he calls a "subsidiary service company" of RHI—to the complaint for the first time. SAC ¶ 3. Ali attaches as exhibits to the SAC a Wikipedia page describing Protiviti and what appears to be a screenshot from another website, perhaps Protiviti's website, without explanation. SAC Ex. K. Throughout the SAC, Ali seems to imply that he was employed by Protiviti, rather than RHI. *See, e.g.*, SAC ¶¶ 16, 68. He refers to individuals who he previously alleged were employees of RHI as employees of Protiviti, including the person who terminated him. SAC ¶ 16. However, he also attaches as exhibits to the SAC documents suggesting otherwise: a "Notice to Employee" that says that "Robert Half will be your sole employer" and paystubs that show that Ali was paid by RHI. SAC Exs. D, F. As a result, the Court cannot determine who Ali alleges was his employer. This significant problem undermines the entire SAC.

### B. Mr. Ali's Causes of Action

Mr. Ali brings seven causes of action in the SAC: (1) disability discrimination in violation of 42 U.S.C. § 12101; (2) failure to accommodate in violation of Cal. Gov. Code

4

§ 12940; (3) failure to engage in the interactive process in violation of Cal. Gov. Code § 12940(n); (4) unlawful retaliation under Title VII and FEHA; (5) wrongful termination; (6) violation of business and professional codes; and (7) declaratory relief. Dkt. No. 31. The sixth and seventh causes of action are derivative of the first five.

### 1. Disability Discrimination

To state a claim for disability discrimination under the Americans with Disabilities Act, a plaintiff must allege that (1) he is disabled under the meaning of the statute; (2) he is a qualified individual with a disability; and (3) he suffered an adverse employment action because of his disability. *Hutton v. Elf Atochem N. Am., Inc.*, 273 F.3d 884, 891 (9th Cir. 2001); 42 U.S.C. § 12112(a). The ADA defines disability as "a physical or mental impairment that substantially limits one or more . . . major life activities." 42 U.S.C. § 12102(1). A plaintiff must allege his disability with specificity and additionally allege which major life activities this disability limits to state a claim under the ADA. *Alejandro v. ST Micro Electronics, Inc.*, 129 F.Supp.3d 898, 907–08 (N.D. Cal. 2015).

#### i. Whether Mr. Ali is Disabled

Previously, the Court found that Mr. Ali's original complaint had not alleged sufficient facts to show that he had a disability. Dkt. No. 20 at 4. The FAC added detail, and these details remain in the SAC. Ali alleges that he "has a chronic history of physical medical conditions," including "high blood pressure, a cardiovascular condition, stress and anxiety, and severe depression" as well as "both joint knee, movements, locking, stiffness, and pain and itching and numbness." SAC ¶¶ 71, 72. The SAC obliquely implies, though does not explicitly state, that these issues limit his major life activities of "walking, standing, lifting, bending, speaking, breathing, thinking, concentrating, communication, and working, sleeping." SAC ¶ 80.

However, Mr. Ali attaches exhibits to the SAC that do not support this claim of disability. He includes medical records and doctor's notes from a time period prior to the dates of this case (December 2016 through March 2017), and more beginning after that period (beginning February 28, 2018 through August 2018). SAC Exs. G, H. But none of

5

1  the records he includes include the time period relevant to the SAC.  Thus it is not clear
2  that Mr. Ali has alleged that he was disabled during the time that he worked for and was
3  terminated by RHI.

Because he does not allege sufficient facts alleging that his disabilities limit major life activities and because his medical evidence does not include the time period relevant to this case, the Court finds that Mr. Ali has not sufficiently pleaded that he was disabled under the meaning of the statute.

### ii. Whether Mr. Ali is a Qualified Individual

A "qualified individual" under the ADA is an individual "with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8); 29 C.F.R. § 1630.2(m). The SAC does not include any facts to support Mr. Ali's conclusory allegation that he is a qualified individual under the ADA.  Ali states that he "is a qualified professional worker, covered under the" ADA and that he "has qualified disabilities." SAC ¶¶ 76–80.  He does not plead any facts about the essential functions of his job, but makes the conclusion that he "was able to perform the essential job duties."  SAC ¶ 112. These conclusory statements are insufficient to identify the essential functions of the role or to show that he was able to perform them.  The Court finds that Mr. Ali has not sufficiently pleaded that he was a qualified individual under the ADA.

### iii. Whether Mr. Ali Suffered an Adverse Employment Action Because of his Disability

In the Court's order granting the motion to dismiss the First Amended Complaint, the Court found that Mr. Ali had failed to plead that RHI had discriminated against him. Dkt. No. 30 at 4. Rather than allege conduct by RHI, Ali had alleged that he was terminated by PayPal via its manager Tim O'Brien. FAC ¶ 56. Now, Ali alleges that he was terminated by Gary Leach, who he identifies as "VP/Director of Protiviti." SAC ¶ 69. As the Court discussed previously, it is unclear whether Mr. Ali alleges he worked for RHI or for Protiviti. The Court notes that Protiviti is not a party to this case and that Mr. Ali

has not alleged facts to show that RHI should be liable for Protiviti's actions.

But even if RHI is liable for Protiviti's conduct, the SAC does not sufficiently allege that Protiviti's adverse employment action—Ali's termination—was because of his disability. As in his first two complaints, Ali also attributes his termination to his employer's knowledge of his other litigation. SAC ¶ 130 ("On and about February 19, 2018, Gary Leach, Vice President of the Protiviti-Cybersecurity Services, was come to know about the plaintiff pending litigation . . . which were exposed on consumer background screening report and has retaliated against the plaintiff terminating the employment at no good cause."). For the third time, Ali fails to plausibly allege that he suffered an adverse employment action *because of* his disability.

In sum, the Court FINDS that Mr. Ali has not stated a claim for disability discrimination and this claim is hereby DISMISSED. The Court further finds that another opportunity to amend the complaint would be futile, and therefore does not grant leave to amend.

### 2. Failure to Accommodate

The elements of a claim for failure to accommodate under FEHA are (1) the plaintiff has a disability covered by FEHA, (2) the plaintiff is a qualified individual, and (3) the employer failed to reasonably accommodate the plaintiff's disability. *Taylor v. Trees, Inc.*, 58 F. Supp. 3d 1092, 1111 (E.D. Cal. Nov. 5, 2014).

As the Court discussed above, Ali's allegations regarding his disability are inconsistent and his attached medical exhibits do not cover the time period that he worked for RHI. Furthermore, the Court has found that Ali failed to plead that he was a qualified individual under FEHA. Ali's allegations about accommodations are also inconsistent. He alleges that he requested but was not provided with a permanent work location, but he attaches emails to the SAC wherein he only requests a projector and RHI offers to rent a projector for five months for the PayPal project. SAC ¶ 39, Ex. J. In addition, the Court remains unsure whether Ali alleges that he worked for the defendant, RHI, or for Protiviti, a non-party to this action.

1   In the face of these inconsistencies and factual deficiencies, Ali's claim for failure
2   to accommodate under FEHA fails and this claim is hereby DISMISSED.  The Court
3   further finds that another opportunity to amend the complaint would be futile, and
4   therefore does not grant leave to amend.

### 3. Failure to Engage in Interactive Process

A claim for failure to engage in an interactive process under FEHA requires pleading that an employer failed "to engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition." Cal. Gov't Code § 12940(n).  The Court has found that Ali has not sufficiently pleaded that he was disabled or was a qualified individual under FEHA.  Moreover, the SAC's lack of clarity about who Ali identifies as his employer during this time period causes this claim to fail.  As such, this claim is hereby DISMISSED.  The Court further finds that another opportunity to amend the complaint would be futile, and therefore does not grant leave to amend.

### 4. Unlawful Retaliation

A claim for retaliation under FEHA or Title VII requires that the plaintiff plead (1) engagement in a protected activity, (2) adverse employment action, and (3) a causal link between the two. *Miller v. Dep't of Corr.*, 36 Cal. 4th 446, 472 (Cal. 2004); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1064 (9th Cir. 2002).  It is unclear from the SAC whether Ali alleges he was terminated in retaliation for his alleged disability or for his lawsuits against eBay and Gilead; the SAC suggests both motivations for his termination. SAC ¶¶ 128–131.  As to the disability motive, the Court has already dismissed Ali's claims for disability discrimination and failure to accommodate because Ali has insufficiently pled his disability.  As to the other lawsuits, the Court finds that the SAC does not sufficiently allege that the person responsible for his termination was aware of that pending litigation.  To that end, the SAC only alleges that "[i]t is the plaintiff further belief that on and about February 21, 2018, Mr. Gary came to know about the plaintiff active

employment related lawsuits pending in Federal Court" and alleges that this information came from a background report. The SAC dose not plead facts to suggest that this information motivated anyone deciding upon Mr. Ali's termination. A simple conclusory allegation is not enough. The SAC fails to state a claim for unlawful retaliation and this claim is hereby DISMISSED. The Court further finds that another opportunity to amend the complaint would be futile, and therefore does not grant leave to amend.

### 5. Wrongful Termination

A claim for wrongful termination must allege (1) an employee-employer relationship; a termination that: (2) violated public policy and (3) was the legal cause of damages; and (4) the amount and nature of those damages. *Ryan v. Sandia Corp.*, 2016 WL 1697946, Case No. 15-cv-4102-CRB, at *5 (N.D. Cal. Apr. 28, 2016). First, the SAC fails to clarify what employee-employer relationship is relevant here due to the confusion about whether Protiviti or RHI employed Ali. Next, the SAC is silent as to the public policy implications of Ali's termination in light of this Order's dismissal of its disability discrimination and unlawful retaliation claims. Therefore, the wrongful termination claim also fails and is hereby DISMISSED. The Court further finds that another opportunity to amend the complaint would be futile, and therefore does not grant leave to amend.

### C. Unfair Competition and Declaratory Relief Fail Because All Other Claims Have Been Dismissed

California's Unfair Competition Law, under Business and Professions Code § 17200, allows a plaintiff to seek damages based on a defendant's violation of other laws, including FEHA and Title VII. *Herr v. Nestle U.S.A., Inc.*, 109 Cal. 4th 779, 789 (2003). Similarly, a claim for "declaratory relief will not create a cause of action that does not exist" and is not a standalone cause of action. *City of Cotati v. Cashman*, 29 Cal. 4th 69, 80 (2002). Because this Order has dismissed each of Mr. Ali's other claims, neither his UCL nor his declaratory relief claims can remain. As such, these causes of action are DISMISSED. The Court further finds that another opportunity to amend the complaint would be futile, and therefore does not grant leave to amend.

### III. Request for Order to Show Cause why the Court Should Not Declare Mr. Ali a Vexatious Litigant

RHI requests that this Court issue an order to the plaintiff to show cause why it should not declare him a vexatious litigant and enter a pre-filing order against him. Dkt. No. 32 at 14–15. Entry of such a pre-filing order would require this Court to find that Mr. Ali's filings are frivolous or harassing. *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). The Court finds that Mr. Ali's filings in this case are neither frivolous nor harassing, even though it has determined that they are subject to dismissal under Rule 12(b)(6). Therefore, the defendant's request is DENIED.

### IV. Conclusion

The Second Amended Complaint is hereby DISMISSED for failure to allege sufficient facts to state facially plausible claims for relief. The Court finds that further opportunity to amend would be futile, having already granted Mr. Ali leave to amend his complaints twice and having considered both the SAC and the exhibits submitted along with it in determining this Order. This case is hereby DISMISSED with prejudice.

**IT IS SO ORDERED**

Dated: October 5, 2019 

_____
NATHANAEL M. COUSINS
United States Magistrate Judge